UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

IN RE: JO ANN NIXON       :       NO. 6-10-MC-00009

                                       :       MAGISTRATE JUDGE KAY

## REPORT AND RECOMMENDATION

Jo Ann Nixon is an attorney admitted to the bar of the United States District Court for the Western District of Louisiana representing clients in social security matters before this court.

On October 13, 2009, this matter was referred to the undersigned by Judge Tucker Melançon to consider whether disciplinary action should be taken against Ms. Nixon. Pursuant to the court's mandate the undersigned conducted a hearing on March 23, 2010, in accordance with Local Rule 83.2.10 Section A.1.[1]

As a preliminary matter it must be noted that respondent has once already been sanctioned by this court for a pattern of failing to comply with filing deadlines or, in some cases, failing to file anything at all in compliance with court orders issued. In *Menard v. Jo Anne B. Barnhart*, Docket No. 03-2160 of this court, Magistrate Judge Mildred Methvin issued an opinion rendering findings and conclusions reached after hearing on the issue of Ms. Nixon's possible disbarment from practice by this court. After detailing actions of Ms. Nixon in that case and others handled by this court, Magistrate Judge Methvin recommended that Ms. Nixon be placed "on probation" for a period of one year and detailed conditions with which Ms. Nixon was to comply in order to be allowed to continue to practice before this court. That recommendation included the condition that:

---

[1] Location Rule 32.2.10 Section A.1 provides that "[a]ny judge of this Court may initiate disciplinary proceedings, including fine, suspension or disbarment, pursuant to this section."

> Any failure to timely file pleadings or otherwise comply with court orders *in any case pending in this district* will be deemed a violation of this probationary period. In the event Ms. Nixon needs more time to file a brief, she shall timely file a motion for extension of time, and shall comply with any orders issued in conjunction herewith.

03-2160, Doc. 14, p. 5.

It appears Ms. Nixon survived the probationary period but later resumed her predilection for late filings or no filings at all in social security cases leading Judge Melançon to make the current referral.

At the October 13, 2009, hearing the court reviewed with Ms. Nixon her various actions and inactions that would indicate that sanctions, possibly disbarment from practice before this court, would be warranted. Ms. Nixon categorized her behavior at that point as "errors and omissions." Although she recognized that ultimately the responsibility was her own, Ms. Nixon stated that she delegated responsibility of filing to her office staff and that staff had not been properly trained on the court's electronic filing system. Ms. Nixon indicated she felt the problem no longer existed in her office, that her staff was scheduled for training in electronic filing, a fact subsequently verified by the undersigned.[2] Ms. Nixon asked that the court impose a monetary fine rather than disbarment. The impression of the undersigned following that hearing was that Ms. Nixon had been forthright about the issues discussed and was willing and making efforts to remedy the situation.

While this matter was under consideration by the undersigned we received information that Ms. Nixon's previously exhibited pattern had returned yet again. Accordingly we summonsed her to appear again on August 31, 2011. When confronted with evidence of her dilatory conduct *after* her first hearing and *after* her staff had received appropriate training, Ms.

---

[2] Consultation with the Clerk of Court confirmed that members of Ms. Nixon's staff received training on April 28, 2010.

Nixon acknowledged that she had a problem and she indicated that she had made a decision to discontinue filing petitions for review in social security cases.

Attached as an addendum to this Report and Recommendation is a summary of respondent's poor performance following the sanctions suggested by Magistrate Judge Methvin and since the first hearing held in this matter. After careful consideration of the pattern of conduct of Ms. Nixon after her initial sanction and after two separate hearings where the undersigned has allowed Ms. Nixon the opportunity to first correct her behavior and then to explain how or why she has failed to do so, and after concluding that there seems little possibility that her behavior will improve given additional time, it is the recommendation of the undersigned that Ms. Nixon be disbarred from further practice before the United States District Court, Western District of Louisiana.[3]

## Analysis

"It is beyond dispute that a federal court may suspend or dismiss an attorney as an exercise of the court's inherent powers". *Resolution Trust Corp v. Bright*, 6 F.3d 336, 340 (5th Cir. 1993), citing *In re Snyder,* 472 U.S. 634, 643–644, 105 S.Ct. 2874, 2880, 86 L.Ed.2d 504 (1985) and *Matter of Thalheim,* 853 F.2d 383, 389 (5th Cir.1988), and cited as authority more recently in the unpublished opinion *In re Nalls,* 124 Fed.Appx. 232 (5th Cir. 2005). A federal court may disbar an attorney only upon presentation of clear and convincing evidence sufficient to support the finding of one or more violations warranting this extreme sanction. *In re Medrano,* 956 F.2d 101, 102 (5th Cir.1992). Clear and convincing evidence, in this context, is "that weight of proof 'which produces in the minds of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and

---

[3] Local Rules 83.2.4 Section B provides that "proceedings initiated under Section A above shall be submitted to the active judges of this Court. Action on the proceedings shall be by a majority vote of the active Article III judges of this Court in a regular or special meeting or in conference call."

convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts' of the case." *In re Medrano,* 956 F.2d at 102 (quoting *Cruzan by Cruzan v. Director, Missouri Dept. of Health,* 497 U.S. 261, 285 n. 11, 110 S.Ct. 2841, 2855 n. 11, 111 L.Ed.2d 224 (1990)). The privilege of practicing law "is not 'a matter of grace and favor.'" *Willner v. Committee on Character and Fitness,* 373 U.S. 96, 102; 83 S.Ct. 1175, 1179-80, 10 L.Ed.2d 224 (1963). An attorney's license to practice is a "right" which cannot lightly or capriciously be taken from him. "[T]he power to withdraw that right 'ought always to be exercised with great caution; and ought never to be exercised except in clear cases of misconduct, which affect the standing and character of the party as an attorney.'" *Ex parte Wall,* 107 U.S. 265, 288, 2 S.Ct. 569, 589, 27 L.Ed. 552 (1883).

At first glance it would appear that disbarment as a sanction for contumacious dilatory filings would not be the type of misconducted contemplated by courts as warranting the extreme sanction of disbarment. However, after consideration of the facts of this case, particularly the fact that respondent has once already been sanctioned by this court and has been given more than ample opportunity to correct her behavior, and also considering that this poor performance can be characterized as nothing other than detrimental to the welfare of the clients she purports to represent,

IT IS RECOMMENDED that the court permanently disbar Jo Ann Nixon's right to practice law before the United States District Court for the Western District of Louisiana.

Under the provisions of 28 U.S.C. Section 636 and Rule 72, parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may

respond to another party's objections within fourteen days after being served with a copy of any objections or response to the District judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 17th day of May, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

## In Re Jo Ann Nixon
## Addendum

Difficulties with Ms. Nixon following Magistrate Judge Methvin's recommendation of a probationary period include:

08-00072 *Clay v SSA* – An order was issued to show cause why complaint should not be dismissed.  Show cause hearing set for 10/15/08.  Deficiency corrected on 10/14/08.

08-00470 *Thibeaux v SSA* – An order was issued to show cause why complaint should not be dismissed.  Show cause hearing set for 6/19/08.  Deficiency corrected 6/16/08.

08-00941 *Bonin v SSA* – A deficiency was issued for 2 IFP motions.  On 8/18/08 an order was signed striking the motions.  Second deficiency issued because no filing fee paid.  On 10/9/08 complaint was struck as deficient.  Case terminated.

08-00950 *Watson v SSA* – A notice of intent to dismiss for failure to effect service gave Nixon 10 days to correct.  Nixon filed the return of summons a month later.  Also deficiency issued for failure to attach a certificate of service which deficiency was eventually corrected.

08-1711 *Jack v SSA* – A show cause hearing held to determine failure to file return of service on Summons.  Nixon failed to show for hearing.  R&R issued dismissing the case.  R&R also issued recommending sanctions in the amount of $1000 for disobedience of court orders.  Judgment adopting R&R signed 10/13/09.

09-00207 *Gabriel v SSA* – Plaintiff's brief due on 12/5/08.  On 9/8/09 order issued making brief due on 9/16/09.  Brief filed on 9/16/09.

09-00230 *Gabriel v SSA* – On 6/29/09 a notice of intent to dismiss for failure to effect service was issued. Case dismissed 10/2/09 for failure to prosecute.

09-00607 *Davis v SSA* – On 9/8/08 notice of intent to dismiss for failure to effect service was issued.  On 10/20/09 case dismissed for failure to prosecute.  On 10/20/09 a Summons filed into the record and case proceeds to judgment affirming Commissioners decision.

Difficulties with Ms. Nixon since the March 23, 2011, hearing handled by the undersigned include:

10-125 *Johnson v SSA* - Claimant's brief was due on 8/2/10.  Nixon filed both the brief and a Motion for Extension on 10/10/10.  Court granted permission for out of time filing.

10-557 *Welch v SSA* – An order to show cause was issued because plaintiff failed to file brief within deadlines established by the Court; brief filed 1 day before Show Cause hearing.

10-1037 *Briggs v. SSA* - After denial of claim for supplementary security income payments; request for hearing before Administrative Law Judge was filed *beyond* 60 days after denial notice [*see* 6:10-cv-01037, doc. 12, p. 1-2], ALJ gave 10days to show good cause for not filling within the 60day period; *no response* was given by attorney Nixon; ALJ ordered dismissal because claimant had not established good cause for missing the deadline [*Id.*] Request by claimant for review of ALJ dismissal filed in U.S. District Court, Western District of Louisiana, Lafayette Division; Commissioner of Social Security moved for summary judgment, *no opposition filed* by deadline; case was *dismissed with prejudice* [*Id.*]

10-1174 *Gray v. SSA* – An order to show cause was issued because plaintiff failed to file brief within deadlines established by the Court; brief filed 1 day before show cause hearing.

10-1203 *Thompson v. SSA* – An order to show cause was issued because plaintiff failed to file brief within deadlines established by the Court; brief filed 1 day before Show Cause hearing.

10-1315 *Joseph v. SSA* - Plaintiff's initial complaint incorrectly identified plaintiff (used two names, name in heading was incorrect); corrective document was required and filed. Plaintiff's brief was due 6/14/2011 and filed on 11/15/11.

10-1424 *Landry v. SSA* – An order to show cause was issued because plaintiff failed to file brief within deadlines established by the Court; brief filed 1 day before Show Cause hearing.

10-1425 *Maneaux v. SSA* – An order to show cause was issued because plaintiff failed to file brief within deadlines established by the Court; brief filed 1 day before Show Cause hearing.

10-1591 *Gray v. SSA* – An order to show cause was issued because plaintiff failed to file brief within deadlines established by the Court; brief filed 1 day before Show Cause hearing.

10-1677 *LeBlanc v. SSA* - Plaintiff's brief not filed within deadlines set by court; was due 60days after filing of transcript (transcript filed 4/8/2011), brief filed 8/31/2011.